IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LEE TOMMIE AMERSON**                                                                  **PETITIONER**

V.                                                 **CIVIL ACTION NO. 3:20-cv-564-HTW-JCG**

**STATE OF MISSISSIPPI,**                                               **RESPONDENT**
**and RONALD KING,**
*Superintendent*

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Lee Tommie Amerson. The petition is broadly construed to challenge (1) the revocation of Amerson's supervised release and the reimposition of his suspended sentence and (2) Amerson's robbery and possession of methamphetamine charges. The State has filed a Motion to Dismiss Amerson's federal habeas petition. ECF No. 12. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends the State's Motion to Dismiss [12] Petitioner's § 2254 federal habeas petition, be granted. Amerson has failed to exhaust all available state court remedies.

## BACKGROUND

On November 8, 2018, the Lauderdale County Circuit Court indicted Petitioner Lee Tommie Amerson for aggravated assault as a habitual offender. ECF No. 12 at 2. These will be referred to as the 2018 charge. The circuit court accepted Amerson's plea on July 29, 2019. *Id.* at 3. Amerson was subsequently sentenced to a ten-year

term in the custody of the Mississippi Department of Corrections ("MDOC"). *Id.* Eight years and 292 days were suspended and Amerson was awarded 438 days of pre-trial jail credit. *Id.* Consequently, the circuit court ordered Amerson immediately released from custody. *Id.*

On October 15, 2019, a Petition to Revoke Post Release Supervision and Suspended Sentence was filed, following Amerson's arrest for strong-arm robbery and possession of methamphetamine. *Id.* These will be referred to as the 2019 charges. The following day Amerson filed *pro se* a "Demand for a Preliminary Hearing" on the 2019 charges in the Lauderdale County Justice Court. *Id.* at 4. On November 5, 2019, the justice court held the requested hearing and found that probable cause existed regarding the 2019 charges. *Id.*

On November 6, 2019, the circuit court revoked Amerson's probation and imposed the suspended sentence for the 2018 charge. *Id.* Consequently, the circuit court sentenced Amerson to a term of imprisonment of eight years and 292 days in the custody of the MDOC. *Id.*

On October 14, 2019, the circuit court granted Amerson's Petition for a Court Appointed Attorney for the 2019 charges. *Id.* at 5. Nonetheless, Amerson subsequently filed multiple *pro se* motions including a Motion for Speedy Trial, Petition for Writ of Habeas Corpus-pretrial, Motion to Dismiss for Violation of Due Process, and Motion to Dismiss for Failure to Provide a Fast and Speedy Trial. *Id.*

On August 20, 2020, the circuit court formally indicted Amerson on the 2019 charges. *Id.* at 6. As of the date of the last filing, in this case, January 15, 2021, the

2019 charges against Amerson were still pending. ECF No 16. However, a call to the Lauderdale County Circuit Court Clerk's office, revealed that on April 14, 2021, Amerson entered a plea and was sentenced to five years in the custody of MDOC, with five years suspended and a term of five years supervised release.

On May 27, 2020, Amerson filed a *pro se* Petition for Post-Conviction Collateral Relief challenging the revocation proceeding and imposition of the 2018 charge's suspended sentence. ECF No. 12 at 6. In his petition, Amerson argued the circuit court should have sentenced him to serve ninety days in a technical violation center instead of reimposing the suspended sentence. *Id.* at 6-7. On August 26, 2020, the circuit court denied and dismissed Amerson's petition finding it to be without merit. *Id.* at 7. Amerson subsequently appealed the circuit court's denial of his Petition for Post-Conviction Collateral Relief. *Id.* As of the date of this Report and Recommendations that appeal is currently pending before the Mississippi Court of Appeals.

On September 25, 2020, Amerson filed a Petition for Writ of Mandamus with the Mississippi Supreme Court. *Id.* In his petition, Amerson referenced three of the motions he previously filed regarding the 2019 charges. *Id.* The circuit court requested the Mississippi Supreme Court dismiss the Mandamus Petition. *Id.* at 7-8. On October 12, 2020, the Mississippi Supreme Court dismissed the Petition for Writ of Mandamus. *Id.* at 8. Amerson filed a notice of interlocutory appeal. *Id.* The Mississippi Supreme Court found the Notice of Interlocutory Appeal to be "in the nature of a petition for writ of mandamus," and dismissed it as premature. *Id.*

3

On August 24, 2020, Amerson filed the present Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.

## DISCUSSION

In Amerson's federal mandamus petition he states only one ground for relief:

> **Ground One:** My constitutional right have [sic] been violated under the 270 Days Speedy Trial Act. It's been over 270 days since been charged [sic].

*Id*. at 5. Yet, in his Motion to Show Cause, Amerson states that it is "clear" he is "challenging the revocation of the (8) years 292 days to serve from his revocation hearing, and the (2) new charges robbery and possession of methamphetamine." ECF No. 15 at 2. Amerson alleges that he attempted to file a § 2241 petition but was directed by the clerk of this court to file a §2254 petition instead. *Id*. at 4.

Rule 8 of the Federal Rules of Civil Procedure state that "[p]leadings must be construed so as to do justice." In *pro se* cases, such as this one, the Supreme Court has stated that "[a] document filed *pro se* is "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Consequently, the Court broadly construes Amerson's petition to challenge (1) the revocation of Amerson's supervised release and the reimposition of his suspended sentence and (2) Amerson's robbery and possession of methamphetamine charges. The court addresses each in turn.

A.  **<u>Amerson's Revocation of Supervised Release and Reimposition of Suspended Sentence.</u>**

Before considering the merits of a petition under 28 U.S.C. § 2254 for writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. First, the petition must be timely filed with the Court in compliance with 28 U.S.C. § 2244(d)(1). Second, a writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1). In other words, the petitioner must exhaust all available state remedies before he may obtain federal habeas relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995) (citing *Rodriguez v. McKaskle*, 724 F.2d 463, 466 (5th Cir. 1984), *cert. denied*, 469 U.S. 1039 (1984)). "To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his claims to the state courts." *Id*. at 414-15 (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir.1983) (citations omitted), *cert. denied*, 464 U.S. 1053 (1984)).

The Court first turns to the question of whether Amerson's petition was timely filed in compliance with 28 U.S.C. § 2244(d)(1). The State asserts that if the Court construes the Amerson's petition to challenge the guilty plea and resulting sentence, "such claim is untimely filed in violation of the one-year statute of limitation provision of the Antiterrorism and Effective Deathly Penalty Act of 1996 ("AEDPA")." ECF No. 12 at 12. In response, Amerson states that he is not challenging the underlying guilty plea to the 2018 aggravated assault charges. ECF

5

No. 15 at 2. Because Amerson explicitly states that he does not challenge the 2018 charges plea and resulting sentence, the Court need not analyze the timeliness issue.

The Court next turns to the question of whether Amerson has exhausted all available state court remedies as required under 28 U.S.C. § 2254(b)(1). The Court has broadly construed Amerson's petition to challenge the revocation of Amerson's supervised release and reimposition of his suspended sentence. The State contends that Amerson's challenge to the revocation and reimposition of his suspended sentence "should be dismissed without prejudice for failure to exhaust state court remedies." ECF No. 12 at 11.

On May 27, 2020, Amerson filed a *pro se* Petition for Post-Conviction Collateral Relief, challenging his revocation proceedings and the imposition of his suspended sentence for the 2018 aggravated assault charges. *Id*. at 6. In his petition, Amerson argued that the revocation proceedings violated his due process because instead of reimposing the sentence, the circuit court should have sentenced him to ninety days in a technical violation center. *Id*. at 6-7. On August 26, 2020, the circuit court denied and dismissed the post-conviction relief petition, finding it to be without merit. *Id*. at 7. On September 4, 2020, Amerson appealed the circuit court's denial to the Mississippi Supreme Court. *Id*. The case was subsequently assigned to the Mississippi Court of Appeals. *Id*. at ex. X.  The docket reflects that the case was submitted without oral argument on May 5, 2021. See *Lee Amerson v. State of Mississippi*, 2020-CP-01011-COA. As of July 1, 2021, no decision has been rendered.

Amerson asserts that appealing the denial of his post-conviction relief petition to the Mississippi Court of Appeals constitution exhaustion of his state court remedies. ECF No. 15 at 3. Yet, simply appealing to the Mississippi Court of Appeals does not exhaust all available state court remedies as required under 28 U.S.C. § 2254(b)(1). As the Supreme Court has stated, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 562 U.S. 838, 845 (1999). Therefore, a federal habeas applicant is required to present his claims to the State's highest court in a procedurally proper manner and provide the highest state court with a fair opportunity to pass upon the claims. *Id.* at 842-45. Consequently, because Amerson has not provided the Mississippi Court of Appeals the opportunity to consider his claims, nor has he presented them to the Mississippi Supreme Court, Amerson has not exhausted all available state court remedies.

For these reasons, the undersigned finds that Amerson's challenge to the revocation of his supervised release and reimposition of his suspended sentence should be dismissed for failure to exhaust all available state court remedies.

B. **Amerson's Robbery and Possession of Methamphetamine Charges.**

A state court prisoner may raise a speedy trial claim under § 2241 to force the state to bring him to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (1976) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)). However, relief under § 2241 is not available where, as in the present case, the petitioner seeks only the dismissal of state charges and release based upon a violation of the

7

right to a speedy trial. *Id*. Thus, Amerson's allegation of a speedy trial violation fails to state a claim.

Furthermore, according to the Lauderdale County Court Clerk's Office, the 2019 charges are no longer pending. In April 2021, Amerson entered a plea, and the circuit court handed down a sentence. Consequently, the undersigned finds that the Court cannot bring Amerson to trial as requested because he has already entered a plea and been sentenced on the 2019 charges.

Even broadly construing Amerson's petition to include a challenge under § 2254 to the plea and sentence resulting from the 2019 charges, Amerson has not shown that he has exhausted his state court remedies on these claims. Consequently, the Court may not entertain these grounds for relief.

For these reasons, the undersigned finds to the extent the Amerson seeks dismissal of the 2019 charges, under §2241, such a remedy is not available under habeas corpus relief. Furthermore, the undersigned finds that to the extent Amerson seeks to be brought to trial on the 2019 charges, such request is moot because the Court cannot grant the requested relief. Amerson has entered a plea and received a sentence on those charges. Additionally, the undersigned finds that to the extent the petition could be construed to include a challenge to the 2019 charges' plea and resulting sentence, under § 2254, such challenges should be dismissed for failure to exhaust all available state court remedies.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that the State's [12] Motion to Dismiss Lee Tommie Ammerson's § 2254 Petition, be granted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 1st day of July 2021.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE